GLENN A. BERGENFIELD, ESQ.
212 Carnegie Center, Suite 102
Princeton, New Jersey 08540
(609)951-0088
*Attorney for Plaintiff*

---

ZUDHI KARAGJOZI

    Plaintiff

vs.

DAVID BRUCK, ESQ. and GREENBAUM,
ROWE, SMITH, RAVIN, DAVIS
& HIMMELL, LLP now known as
GREENBAUM, ROWE, SMITH
& DAVIS, LLP

    Defendants

---

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION
ESSEX COUNTY

DOCKET NO: L _ 366-12

**COMPLAINT AND JURY DEMAND**

Plaintiff, Zudhi Karagjozi, residing at 20 Riverside Drive, Rumson, New Jersey by way of Complaint against the Defendants, David Bruck, Esq. and Greenbaum, Rowe, Smith, Ravin, Davis & Himmell, LLP now known as Greenbaum, Rowe, Smith & Davis, LLP, hereby says:

**THE PARTIES**

1.     Plaintiff, Zudhi Karagjozi, was the sole owner of Kara Homes, Inc., a Corporation of the State of New Jersey in the business of real estate homebuilding (hereinafter referred to as "Kara Homes"). Plaintiff also was the guarantor of all the corporate debt of Kara Homes.

2.     Defendant, David Bruck, Esq., is an attorney in the State of New Jersey and a partner in the law firm of the Defendant, Greenbaum, Rowe, Smith, Ravin, Davis & Himmell, LLP now known as Greenbaum, Rowe, Smith & Davis, LLP, a Limited Liability Partnership of the State of New Jersey with a place of business located in Roseland, New Jersey (hereinafter referred to as "Greenbaum").

1

BATCH # 725 FILED 1-13-12
CHECK/RECEIPT # 4333 AMT. 200

## FACTS APPLICABLE TO ALL COUNTS

3. In August 2006, Plaintiff realized that Kara Homes was having serious cash flow problems. At that time, Plaintiff was the guarantor of more than $250 million of Kara Home's debt.

4. Plaintiff sought a lawyer to represent him to keep the company he had created and to protect his family, his home and all of his other personal assets. Plaintiff sought a recommendation from a friend and trusted attorney, Barry Mandlebaum. Mandlebaum recommended Greenbaum and that August Plaintiff went to see Greenbaum partner Paul Rowe, Esq.

5. Rowe assured Plaintiff that he and Greenbaum were able to represent Plaintiff in the protection of his personal interests as owner of Kara Homes and as guarantor of its debts.

6. Rowe then introduced Plaintiff to Defendant, David Bruck, Esq., a partner in the Greenbaum firm. Bruck, purported to be an expert in working out loans. Plaintiff met with Bruck during the first week of August 2006 and told him that Kara Homes needed to renegotiate loans and to secure the $5 million in funding that was available to Plaintiff to continue his operations, to cure his liquidity problem, retain his key employees and guarantee the continued survival of his company.

7. Bruck, advised Plaintiff that he would do all he could to protect Plaintiff's equity interest in Kara Homes, preserve his company for him, and retain his key employees and contractors. Bruck also assured Plaintiff that he would do all he could to protect Plaintiff personally. Plaintiff hired Greenbaum and Bruck to represent his interests as the owner of Kara Homes and the guarantor of its debt.

8. On September 28, 2006, at a meeting with Plaintiff and Kara Homes' management, Bruck stated that he believed Kara Homes had no other option except to file a Chapter 11 bankruptcy petition. At the time, Bruck had been informed that Kara Homes had substantial assets, had the ability to get further loans to enable it to finish work on nearly 100 houses that were almost completed, and had contracts for sale of all of those houses. Thus, Kara Homes simply needed to negotiate interim financing to carry it through its cash flow problems. Bruck had also been informed that Plaintiff was personally liable for the deposits given by home buyers pursuant to contracts with Kara Homes.

9. Bruck did not discuss with Plaintiff what impact a bankruptcy filing of Kara Homes would have on Greenbaum's and Bruck's ability to represent Plaintiff and did not inform Plaintiff of any of the risks of being in a Chapter 11 case for Plaintiff or Kara Homes.

10. Without properly advising Plaintiff or Kara Homes as to the risks of filing a Chapter 11 petition, Bruck filed the Kara Homes bankruptcy petition and, once that was done, embarked on a course of action entirely contrary to Plaintiff's interests. For example, he scuttled several potential financing deals that would have preserved Plaintiff's control of his company and enabled Kara Homes to generate sales of almost 100 houses. He failed to collect substantial assets that were due to Kara Homes. He specifically advised Plaintiff that he should **not** come to several court hearings where Plaintiff's presence was required and essential to protect Plaintiff's interests. He threatened Plaintiff with the appointment of a trustee to take away control of Kara Homes from Plaintiff. He sought to expand the one-person board of Directors (Plaintiff was its only member) to a three-person Board so that Plaintiff could be out-voted in matters relating to the governance of Kara Homes and to take Plaintiff's financial interest in the company away

3

from him, thereby exposing Plaintiff to substantial liability. He succeeded in having new management put into place, pushing Plaintiff aside.

11. Bruck's conduct also resulted in Plaintiff being sued by bonding companies, lenders and many others. In fact, the conduct of Bruck exposed Plaintiff to lawsuits resulting in approximately $20 million in personal judgments and interest against him.

12. Bruck's plan of putting Plaintiff's company into bankruptcy caused the Plaintiff's equity interest to be wiped out. He is still liable and is being sued on the personal guarantees. Moreover, Bruck accomplished his plan by deceiving and betraying Plaintiff and conspiring with "bankruptcy professionals" whose business is to strip bankruptcy companies of their assets. At the same time, Bruck generated enormous fees for the firm and income for himself.

13. As a result thereof, Plaintiff has sustained damages including, but not limited to, loss of his equity interest in Kara Homes, Inc., lawsuits and Judgments against him with regard to the personal guarantees, loss of his contractor's license, loss of reputation in his community and in the real estate development community, loss of credit rating, restitution to be paid by Plaintiff personally for approximately $6.5 million of home-buyer deposits of Kara Homes for the homes not finished due to the bankruptcy Bruck put into place, warranty insurance reimbursement and penalties imposed by the Department of Community Affairs, the Department of Environmental Protection and other damages.

## COUNT I
### Negligence

14. Plaintiff repeats and reiterates the allegations contained in paragraphs 1 to 13 above as if set forth at length herein.

15. During the first week of August 2006, Plaintiff hired Bruck, an expert in workouts, to negotiate workouts with seventeen banks that had made loans to the company.

These loans were personally guaranteed by Plaintiff. The workouts were also intended to secure additional financing for Plaintiff's company, all in order to protect Plaintiff from financial harm. Instead of doing this, and in response to Plaintiff's and others' repeated inquiries regarding the consequences of filing a bankruptcy petition, Bruck advised Plaintiff to put his company into Chapter 11 bankruptcy, exposing Plaintiff to even greater risks, including losing control of his company and all of his assets.

16.     Bruck failed to advise Plaintiff that bankruptcy for Kara Homes had no benefit to Plaintiff because Plaintiff had personally guaranteed all bank loans and bonds. All of Plaintiff's money was invested in the company.

17.     Bruck's advice to Plaintiff to file the Kara Homes bankruptcy was negligent, motivated by self-interest, and was the proximate cause of harm to the Plaintiff.

WHEREFORE, Plaintiff, ZUDHI KARAGJOZI, demands judgment against the Defendants, DAVID BRUCK, ESQ. and GREENBAUM, ROWE, SMITH, RAVIN, DAVIS & HIMMELL, LLP now known as GREENBAUM, ROWE, SMITH & DAVIS, for damages, interest, costs of suit and attorneys fees and costs pursuant to *Saffer v. Willoughby*.

## COUNT II
### Negligent Failure to Disclose Conflict of Interest

18.     Plaintiff repeats and reiterates the allegations of paragraphs 1 to 17 above as if the same were set forth at length herein.

19.     Bruck assured Plaintiff that filing bankruptcy would help preserve for Plaintiff the value of the assets of Kara Homes and also protect Plaintiff's equity in the company.

20.     Bruck failed to advise Plaintiff that filing a bankruptcy petition on behalf of Kara Homes would jeopardize his ownership in his own company, expose him to enormous personal liability, and jeopardize the equity he had built up in the company and in his reputation.

5

21. Bruck failed to advise the Plaintiff that when Kara Homes was put into bankruptcy, Bruck would be representing Kara Homes and that Bruck would thus become an adversary of Plaintiff.

22. Plaintiff's decision to place Kara Homes in bankruptcy was predicated on the advice Bruck gave to Plaintiff. Bruck specifically told Plaintiff that bankruptcy was the best path for Plaintiff to preserve the assets and the value of his equity in Kara Homes.

23. Had Plaintiff known that Bruck was going to be in a position adversarial to Plaintiff, instead of protecting him, Plaintiff would have fired Bruck and found a different lawyer to represent him and help him to preserve his interests in Kara Homes through out-of-court negotiations with Kara Homes' lenders.

24. Bruck's negligent failure to disclose the conflict of interest to Plaintiff caused Plaintiff damages.

WHEREFORE, Plaintiff, ZUDHI KARAGJOZI, demands judgment against the Defendants, DAVID BRUCK, ESQ. and GREENBAUM, ROWE, SMITH, RAVIN, DAVIS & HIMMELL, LLP now known as GREENBAUM, ROWE, SMITH & DAVIS, for damages, interest, costs of suit and attorneys fees and costs pursuant to *Saffer v. Willoughby*.

### COUNT III
### INTENTIONAL FAILURE TO DISCLOSE
### CONFLICT OF INTEREST

25. Plaintiff repeats and reiterates the allegations contained in paragraphs 1 – 24 above as if set forth at length herein.

26. Bruck knew that by filing the Kara Homes bankruptcy and seeking to represent Kara Homes that he would become adversarial to Plaintiff and deliberately failed to tell Plaintiff of this conflict.

27. Had Bruck revealed to Plaintiff his intention to represent Kara Homes to the detriment of Plaintiff, Plaintiff would never have hired or would have fired Bruck and Greenbaum.

28. Given the size of Kara Homes' business, Bruck knew that he could generate enormous fees for himself and Greenbaum if he put Kara Homes into bankruptcy. His personal greed overcame his professional obligations and he wrongfully advised Plaintiff to put Kara Homes into bankruptcy.

WHEREFORE, Plaintiff, ZUDHI KARAGJOZI, demands judgment against the Defendants, DAVID BRUCK, ESQ. and GREENBAUM, ROWE, SMITH, RAVIN, DAVIS & HIMMELL, LLP now known as GREENBAUM, ROWE, SMITH & DAVIS, for damages, interest, costs of suit and attorneys fees and costs pursuant to *Saffer v. Willoughby*.

## COUNT IV
## Breach of Fiduciary Duty

29. Plaintiff repeats and reiterates the allegations contained in paragraphs 1 to 28 above as if set forth at length herein.

30. Bruck and Greenbaum had a duty to Plaintiff to act in his best interest and to give him advice consistent with the applicable standard of care, rather than to give Plaintiff advice which would enrich Bruck and Greenbaum at Plaintiff's expense.

31. Bruck breached his fiduciary duty to Plaintiff by, among other things, failing to advise Plaintiff of the enormous risks to putting Kara Homes into bankruptcy to which Plaintiff would expose himself, failing to make a serious attempt to work out agreements with Kara Homes' lenders that would have allowed the company to continue to operate out of bankruptcy, and failing to advise Plaintiff to retain competent personal counsel before the decision was made whether to put Kara Homes into bankruptcy, since Greenbaum and Bruck were abandoning

Plaintiff's interests. Bruck also failed to inform Plaintiff of the enormous fees he and Greenbaum could generate in a bankruptcy case which would have alerted Plaintiff to the need, pre-filing, to retain his own counsel. .

WHEREFORE, Plaintiff, ZUDHI KARAGJOZI, demands judgment against the Defendants, DAVID BRUCK, ESQ. and GREENBAUM, ROWE, SMITH, RAVIN, DAVIS & HIMMELL, LLP now known as GREENBAUM, ROWE, SMITH & DAVIS, for damages, interest, costs of suit and attorneys fees and costs pursuant to *Saffer v. Willoughby*.

## COUNT V
### Fraud

32. Plaintiff repeats and realleges all prior allegations as if set forth at length herein.

33. Defendant, Bruck, told Plaintiff that he would do all that he could to protect him and his interest in Kara Homes and to minimize Plaintiff's liability on his personal guarantees of Kara Homes' debt.

34. Defendant, Bruck, intended that Plaintiff would rely upon these representations.

35. Plaintiff relied upon this misrepresentation in that Plaintiff believed that Bruck would represent Plaintiff's interests and, based on that, Plaintiff relied upon Bruck to help him secure financing and to lessen the liabilities of Plaintiff.

36. Wrongfully using the confidential information Plaintiff provided to him, Bruck deliberately frustrated the financing plans that would have allowed Plaintiff to protect his interest in Kara Homes. Instead, Bruck manipulated the bankruptcy process to remove Plaintiff as an officer of Kara Homes and prevent Plaintiff from protecting his own interests.

37. As a result thereof, Plaintiff has sustained damages including, but not limited to, the lawsuits and Judgments against him with regard to the personal guarantees, the loss of his contractor's license, loss of reputation in real estate development, loss of credit rating, tax

8

liabilities, restitution paid by Plaintiff personally for approximately $100 million in home-buyer deposits of Kara Homes and loss of his equity interest in Kara Homes.

WHEREFORE, Plaintiff, Zudhi Karagjozi, demands judgment against the Defendants, Paul Rowe, Esq., David Bruck, Esq. and Greenbaum, Rowe, Smith, Ravin, Davis & Himmell, LLP n/k/a Greenbaum, Rowe, Smith & Davis, LLP, or damages, interest, costs of suit, and attorney's fees and costs pursuant to *Saffer v. Willoughby*.

### JURY DEMAND

Plaintiff demands a trial by jury as to all issues of the within action.

### DESIGNATION OF TRIAL COUNSEL

Plaintiff hereby designates Glenn A. Bergenfield as trial counsel on the within action.

### CERTIFICATION PURSUANT TO R. 4:5-1

I hereby certify that the within action is not the subject of any other action pending or arbitration proceeding nor is any such action or arbitration proceeding contemplated. I further certify that there are no additional parties that we are aware of that should be joined as parties to this litigation at this time.

GLENN A. BERGENFIELD, P.C.

By: GLENN A. BERGENFIELD

Dated: January 11, 2012

| Attorney(s) | GLENN A. BERGENFIELD, PC |
|---|---|
| Office Address | 212 Carnegie Center, Suite 102 |
| Town, State, Zip Code | Princeton, NJ 08540 |
| Telephone Number | (609) 951-0088 |
| Attorney(s) for Plaintiff | |

ZUDHI KARAGJOZI

Plaintiff(s)

Vs.

DAVID BRUCK, ESQ. and GREENBAUM, ROWE, SMITH, RAVIN, DAVIS & HIMMELL, LLP ET AL

Defendant(s)

**Superior Court of New Jersey**

| Essex | COUNTY |
|---|---|
| Law | DIVISION |

Docket No: L-366-12

# CIVIL ACTION SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

Dated: 1/24/12

Jennifer M. Perez,
Acting Clerk of the Superior Court

Name of Defendant to Be Served: Greenbaum Rowe Smith

Address of Defendant to Be Served: 99 Wood Ave So.
Iselin NJ 08830

NOTE: The Case Information Statement is available at www.njcourtsonline.com.
Revised 7/1/2008, CN 10792

# DIRECTORY OF SUPERIOR COURT DEPUTY CLERK'S OFFICES
# COUNTY LAWYER REFERRAL AND LEGAL SERVICES OFFICES

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401

LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Room 115
Justice Center, 10 Main St.
Hackensack, NJ 07601

LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Rd.
Mt. Holly, NJ 08060

LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(800) 496-4570

**CAMDEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Processing Office
Hall of Justice
1st Fl., Suite 150
101 South 5th Street
Camden, NJ 08103

LAWYER REFERRAL
(856) 964-4520
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
9 N. Main Street
Cape May Court House, NJ 08210

LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Broad & Fayette Sts.
P.O. Box 10
Bridgeton, NJ 08302

LAWYER REFERRAL
(856) 692-6207
LEGAL SERVICES
(856) 451-0003

**ESSEX COUNTY:**
Deputy Clerk of the Superior Court
Civil Customer Service
Hall of Records, Room 201
465 Dr. Martin Luther King Jr. Blvd.
Newark, NJ 07102

LAWYER REFERRAL
(973) 622-6204
LEGAL SERVICES
(973) 624-4500

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
First Fl., Court House
1 North Broad Street, P.O. Box 750
Woodbury, NJ 08096

LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY:**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House--1st Floor
583 Newark Ave.
Jersey City, NJ 07306

LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822

LAWYER REFERRAL
(908) 735-2611
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 S. Broad Street, P.O. Box 8068
Trenton, NJ 08650

LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court,
Middlesex Vicinage
2nd Floor - Tower
56 Paterson Street, P.O. Box 2633
New Brunswick, NJ 08903-2633

LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
Court House
71 Monument Park
P.O. Box 1269
Freehold, NJ 07728-1269

LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY:**
Morris County Courthouse
Civil Division
Washington and Court Streets
P. O. Box 910
Morristown, NJ 07963-0910

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
Court House, Room 119
118 Washington Street
Toms River, NJ 08754

LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton Street
Paterson, NJ 07505

LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 523-2900

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
92 Market Street
P.O. Box 29
Salem, NJ 08079

LAWYER REFERRAL
(856) 678-8363
LEGAL SERVICES
(856) 451-0003

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
P.O. Box 3000
40 North Bridge Street
Somerville, N.J. 08876

LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY:**
Deputy Clerk of the Superior Court
1st Fl., Court House
2 Broad Street
Elizabeth, NJ 07207-6073

LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second Street
Belvidere, NJ 07823-1500

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(908) 475-2010

Attorney(s) GLENN A. BERGENFIELD, PC
Office Address 212 Carnegie Center, Suite 102
Town, State, Zip Code Princeton, NJ 08540
Telephone Number (609) 951-0088
Attorney(s) for Plaintiff

ZUDHI KARAGJOZI

Plaintiff(s)

Vs.
DAVID BRUCK, ESQ. and GREENBAUM, ROWE, SMITH,
RAVIN, DAVIS & HIMMELL, LLP ET AL
Defendant(s)

**Superior Court of New Jersey**

Essex COUNTY
Law DIVISION

Docket No: L-366-12

## CIVIL ACTION SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

Dated: 1/24/12

Jennifer M. Perez,
Acting Clerk of the Superior Court

Name of Defendant to Be Served: David Bruck, Esq.
Address of Defendant to Be Served: 99 Wood Ave. So.
Iselin, NJ 08830

NOTE: The Case Information Statement is available at www.njcourtsonline.com,
Revised 7/1/2008, CN 10792

## DIRECTORY OF SUPERIOR COURT DEPUTY CLERK'S OFFICES
## COUNTY LAWYER REFERRAL AND LEGAL SERVICES OFFICES

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401

LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Room 115
Justice Center, 10 Main St.
Hackensack, NJ 07601

LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Rd.
Mt. Holly, NJ 08060

LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(800) 496-4570

**CAMDEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Processing Office
Hall of Justice
1st Fl., Suite 150
101 South 5th Street
Camden, NJ 08103

LAWYER REFERRAL
(856) 964-4520
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
9 N. Main Street
Cape May Court House, NJ 08210

LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Broad & Fayette Sts.
P.O. Box 10
Bridgeton, NJ 08302

LAWYER REFERRAL
(856) 692-6207
LEGAL SERVICES
(856) 451-0003

**ESSEX COUNTY:**
Deputy Clerk of the Superior Court
Civil Customer Service
Hall of Records, Room 201
465 Dr. Martin Luther King Jr. Blvd.
Newark, NJ 07102

LAWYER REFERRAL
(973) 622-6204
LEGAL SERVICES
(973) 624-4500

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
First Fl., Court House
1 North Broad Street, P.O. Box 750
Woodbury, NJ 08096

LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY:**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House--1st Floor
583 Newark Ave.
Jersey City, NJ 07306

LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822

LAWYER REFERRAL
(908) 735-2611
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 S. Broad Street, P.O. Box 8068
Trenton, NJ 08650

LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court,
Middlesex Vicinage
2nd Floor - Tower
56 Paterson Street, P.O. Box 2633
New Brunswick, NJ 08903-2633

LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
Court House
71 Monument Park
P.O. Box 1269
Freehold, NJ 07728-1269

LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY:**
Morris County Courthouse
Civil Division
Washington and Court Streets
P. O. Box 910
Morristown, NJ 07963-0910

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
Court House, Room 119
118 Washington Street
Toms River, NJ 08754

LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton Street
Paterson, NJ 07505

LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 523-2900

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
92 Market Street
P.O. Box 29
Salem, NJ 08079

LAWYER REFERRAL
(856) 678-8363
LEGAL SERVICES
(856) 451-0003

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
P.O. Box 3000
40 North Bridge Street
Somerville, N.J. 08876

LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY:**
Deputy Clerk of the Superior Court
1st Fl., Court House
2 Broad Street
Elizabeth, NJ 07207-6073

LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second Street
Belvidere, NJ 07823-1500

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(908) 475-2010