**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

---

Caption in Compliance with D.N.J. LBR 9004-2(c)

**GLENN A. BERGENFIELD, P.C**
Glenn A. Bergenfield, Esq.
201 South Main Street, Building B
Lambertville, New Jersey 08530
(609) 951-0088
gbergenfield@gmail.com
Attorney for Plaintiff, Zuhdi Karagjozi

---

| | |
|---|---|
| In re: | Chapter 11 Proceedings |
| KARA HOMES, INC., et al [1] | |
| Debtors. | Lead Case No. 06-19626 (RTL)<br>(Jointly Administered) |

---

[1] The following Affiliates filed for Chapter 11 protection, which cases are being jointly administered: Bergen Mills Estates, LLC, 06-19758; Country Club Estates by Kara, LLC, 06-19744; Estates at Galloway Woods, LLC, 06-19746; Hartley Estates by Kara, LLC, 06-19759; Horizons at Birch Hill, LLC, 06-19767; Horizons at Shrewsbury Commons, LLC, 07- 11496; Horizons at Woodlake Greens, LLC, 06-19745; Horizons at Woods Landing, LLC, 06-19760; Kara at Atlantic Hills, LLC, 07-10489; Kara at Buckley Estates, LLC, 06-19742; Kara at Crine West, LLC, 06-19770; Kara at Dayna Court, LLC, 06-19743; Kara at the Glen Eyre, LLC, 06-19765; Kara at Hawkins Ridge, LLC, 06-19757; Kara at Lacey, LLC, 06-19738; Kara at Monroe, LLC, 06-21513; Kara at Mt. Arlington I, LLC, 06-19780; Kara at Mt. Arlington, II, LLC, 06-19782; Kara at Navesnik, LLC, 06-19737; Kara at Park Ridge Estates, LLC, 06-19783; Kara at the Tradewinds, LLC, 06-19741; Kara Homes at Enclave II, LLC 06-22341; Sterling Acres at Monroe, LLC, 06-19774; The Landings at Manahawkin, LLC, 06-19740; Winding Run Estates by Kara, LLC, 06-19764; and Woodland Estates at North Edison, LLC, 06-21512. On February 13, 2007, six additional Affiliates filed for Chapter 11 protection: Forest Edge Estates by Kara, LLC, 07-11941; Kara at Farrington Ridge, LLC, 07-11939; Limerick Estates by Kara, LLC, 07-11937; Kara at Orchard Meadows, LLC, 07-11932; Summerfield Estates by Kara, LLC, 07-11928; and Kara at Freehold, LLC, 07-11924. On March 12, 2007, Kara at Dover, LLC filed a Chapter 11 Petition, 07-13367. On June 8, 2007, 22 additional Affiliates filed for Chapter 11: The Shores at Little Egg Harbor, LLC, 07-18057; Kara of Monmouth, LLC, 07-18062; Bridgepoint at Harbor Heights, LLC, 07-18065; Kara of Middlesex, LLC, 07-18068; Kara at Emerald Hill, LLC, 07-18069; Kara at Evergreen Estates, LLC, 07-18070; Kara at North Haledon, LLC, 07-18072; Kara at Island Breeze, LLC, 07-18074; Kara at Island Crest, LLC, 07-18075; Kara at Island Gate, LLC, 07-18076; Island Woods Estates by Kara Homes, LLC, 07-18078; Kara at Kensington Hill, LLC, 07-18079; Kara at Lakeshore Harbor, LLC, 07-18081; K & W Builders, Inc., 07-18083; Kara at Cedar Grove, LLC, 07-18085; Sterling Woods at Barnegat, LLC, 07-18086; Kara at Tallymawr, LLC, 07-18088; Kara White Oak, LLC, 07-18091; Kara at Berkley, LLC, 07-18094; Kara at Madison, LLC, 07-18096; and on June 11, 2007, KH Builders, LLC, 07-18165 filed a Chapter 11 petition; on August 27, 2007 Kara Service Company LLC filed a Chapter 11 petition, 07-22183 and finally on September 5, 2007, Kara Homes Development LLC, s/i/i to Kara Homes Development Corp., filed a voluntary Chapter 11 petition, 07-22698 (collectively, the "Affiliate Debtors").

ZUHDI KARAGJOZI,

       Plaintiff,

vs.

DAVID BRUCK, ESQ. and GREENBAUM,
ROWE, SMITH, RAVIN, DAVIS & HIMMEL,
LLP now known as GREENBAUM, ROWE,
SMITH & DAVIS, LLP

       Defendants.

Adv. Pro. No. 12-1185 (RTL)

## BRIEF IN SUPPORT OF
## PLAINTIFF'S MOTION FOR WITHDRAWAL OF REFERENCE PURSUANT TO
## 28 U.S.C. § 157 AND D.N.J. LBR 5011-1

Glenn A. Bergenfield, Esq.
On the Brief

## TABLE OF CONTENTS

Preliminary Statement .................................................................................. 1

Procedural History and Statement of Facts .................................................. 2

Legal Argument .......................................................................................... 6

Conclusion .................................................................................................. 7

# TABLE OF CITATIONS

## Cases

*Roell v. Withrow*, 538 U.S. 580 (2003) — 6

*Stern v. Marshall*, 564 U.S. 462 (2011) — 6

*Wellness International Network Int'l v. Sharif*, 135 U.S. 1932 (2015) — 6

## Rules and Statutes

28 U.S.C. § 157 — 7

28 U.S.C. § 157(c)(2) — 6

28 U.S.C. § 157(d) — 1

28 U.S.C. § 157 (e) — 1

28 U.S.C. § 636(c) — 1

28 U.S.C. § 1334 — 2

28 U.S.C. § 1452 — 2

28 U.S.C. § 1446 — 2

28 U.S.C. § 1927 — 5

*Federal R. Bankr. Proc.* 72 — 1

*Federal R. Bankr. Proc.* 9011 — 5

*Federal R. Bankr. Proc.* 9027 — 2

*Federal R. Civil Proc.* 11 — 5

*Federal R. Civil Proc.* 60(b) — 5

*D.N.J. LBR* 5011-1 — 7

*D.N.J. L.R.* 9027-1 — 2

*R. 1:6-2* — 3

Zuhdi Karagjozi, by his attorney, Glenn A. Bergenfield, P.C., respectfully submit this memorandum of law in support of his Motion for Withdrawal of Reference to the United States District Court for the District of New Jersey in *ZUHDI KARAGJOZI v. DAVID BRUCK, ESQ. and GREENBAUM, ROWE, SMITH, RAVIN, DAVIS & HIMMEL, LLP now known as GREENBAUM, ROWE, SMITH & DAVIS, LLP*, Adv. Pro. No. 12-1185 (MBK).

**PRELIMINARY STATEMENT**

The withdrawal provisions of 28 U.S.C. § 157(d) and (e) require the district court to withdraw the reference of a case if, as here, there has not been "express consent of all of the parties" for the bankruptcy court to hear the case.

Moreover, Judge Kaplan has noted that his findings of fact and conclusions of law, absent consent of the parties, must be reviewed by the District Court because, he has concluded, this is a "*Stern* type of core claim." (Docket Entry 54 at T22). (We argue in Plaintiff's Objections to the December 15, 2016 Opinion of the Bankruptcy Court that this conclusion is entirely incorrect; this state law tort case by a non-debtor against a non-party to the bankruptcy is not a core proceeding and is also not related to the closed Kara Homes bankruptcy at all.)

Plaintiff here does not consent to the bankruptcy court being designated to hear the trial of this legal malpractice case of the non-debtor against what he thought was his lawyer. 28 U.S.C. § 636(c).

Plaintiff is also seeking a review by the District Court and if the findings are affirmed, then a jury trial in the District Court pursuant to *Federal R. Bankr. Proc.* 72.

1

## PROCEDURAL HISTORY AND STATEMENT OF FACTS

In January 2012, Plaintiff, Zuhdi Karagjozi, filed a Complaint and Jury Demand against the Defendants, David Bruck, Esq. and Greenbaum Rowe Smith, & Davis, LLP, alleging (1) Professional Negligence and Fraud. (Docket Entry 37-1). The Complaint was served upon the Defendants on January 26, 2012.

In February 2012, Defendants filed a Notice of Removal to this Court pursuant to *Federal R. Bankr. Proc.* 9027, *D.N.J. L.R.* 9027-1 (Defendants also cited to 28 *U.S.C.* §§ 1334, 1452 and 1446). (Docket Entry 37-1).

On March 28, 2012, Plaintiff filed a Motion to Remand. (Docket Entry 10). On April 16, 2012, Defendants filed opposition. (Docket Entry 13). On April 23, 2012, the Court denied Plaintiff's Motion to Remand. (Docket Entry 14). See April 23, 2012 Transcript of Hearing. (Docket Entry 17). On May 7, 2012, Plaintiff filed a Motion to Amend the Complaint and for Reconsideration of the Court's Order denying Plaintiff's Motion to Remand. (Docket Entry 16). On June 4, 2012, the Defendants filed opposition. (Docket Entry 19).

On August 1, 2012, the Court granted Plaintiff's Motion to Amend the Complaint and remanded the case to the State Court, ruling that there was no subject matter jurisdiction (neither core nor related to) and that even if there was, the Court would also abstain on both mandatory and permissive grounds. See Docket Entry 22 at T14:

> [T]his lawsuit by the non-debtor, Mr. Karagjozi, against the non-debtor lawyer law firm is not a bankruptcy case. And it's not related to the bankruptcy case because the outcome of the suit will have no impact on the corporate bankruptcy . . . . And the suit is strictly a state law suit. It doesn't implicate any of the particular provisions of Title 11 . . . .

And Id. at T15:

> Well, first I am going to rule that the amended complaint would be something over which this court does not have jurisdiction.

2

The Amended Complaint was filed on July 2, 2012. (Docket Entry 21).

Upon Remand to the Superior Court of New Jersey, Defendants filed a Motion to Dismiss the Complaint pursuant to *R. 1:6-2*. The Motion was denied on October 23, 2012. (Docket Entry 37-3). After denial of the Motion, Defendants filed an Answer to the Amended Complaint on November 26, 2012. (Docket Entry 37-4).

Discovery was begun. Much evidence was adduced concerning Bruck's many promises to Zuhdi Karagjozi that if Zuhdi Karagjozi -- the 100% owner of the Kara Homes, its President and sole member of the Board of Directors -- decided to hire Bruck, he would as a lawyer protect Zuhdi Karagjozi personally.

On July 29, 2013, the State Court entered an Order bifurcating the trial of this legal malpractice case into two phases. Phase One concerned whether there was an attorney-client relationship between the Zudhi Karagjozi and Bruck; Phase Two was for all remaining issues of the case. (Docket Entry 37-5).

In 2015, Defendants moved for summary judgment. (The motion was opposed using the evidence that the Defendants, in their 2016 Notice of Removal, claim falsely they first learned about in Plaintiff's trial brief.) The motion was denied on September 15, 2015. (Docket Entry 37-15).

Defendants then filed an in limine motion to bar Plaintiff's claims, strike the jury demand and bar the expert testimony of Plaintiff's experts. The motion was denied on February 1, 2016, again using the same evidence about which the defendants claim great surprise now. (Docket Entry 37-17).

The case was finally set for trial on September 19, 2016 in the State Court.

Just prior to that, Defendants, on **September 12, 2016** made an in limine motion to bar the same evidence that Plaintiff had described in discovery and in opposition to the various motions to dismiss. Plaintiff wrote its trial brief and its opposition to the Defendant's in limine motion 3 days after that, on September 15, 2016 and served the briefs on **September 16, 2016.** Defendants' claimed falsely, in their Notice of Removal that they first learned of this evidence when they received the Plaintiff's trial brief; but they had already moved to bar the Plaintiff's evidence before receiving the Plaintiff's trial brief.

Defendants supplied to the trial judge the transcripts of Judge Lyons's decisions. (Docket Entries 17 and 22). While the jury awaited the start of the trial, days of legal argument ensued in which the Defendants sought to persuade the trial judge that the evidence should be barred. On September 21, September 22 and October 5, 2016, the Defendants' in limine motions were denied. (See Transcripts of Decision at Docket Entries 37-19, 37-20 and 37-21; no Order was entered because the Defendants suddenly removed the case to the Bankruptcy Court).

On October 4, 2016, a jury was selected and the trial was scheduled to begin with opening arguments on October 17, 2016 (due to court and religious holidays and some personal commitments in the prior week).

On October 10, 2016, defense counsel contacted Plaintiff's counsel and advised him that if Plaintiff would not agree to revise the results of the pre-trial rulings and, instead, try the case as if the Defendants had been successful in their in limine motions, Defendants would remove the case to the Bankruptcy Court. Plaintiff's counsel refused this request and wrote a letter to the trial judge complaining about this tactic. (Docket Entry 40-2 at Exhibit A). A conference call was scheduled with trial Judge Vicki Citrino on October 11, 2016 to address this. While the

attorneys were on the phone with the Judge, at 2:00 p.m., defense counsel filed the Notice of Removal. (Docket Entry 28 – titled as a "Motion to Reopen Case" in the Docket Report).

The jury was dismissed and the trial was adjourned.

On October 17, 2016, Defendants filed an Amended Notice of Removal. (Docket Entry 37).

On October 18, 2016, Honorable Michael B. Kaplan held a status conference and hearing regarding the Removal Notice/Motion to Reopen Case. (Docket Entry 34). The Court noted that the bankruptcy was long-closed and set a briefing schedule concerning Defendants' Amended Notice of Removal, its Motion for Reconsideration pursuant to *Federal R. Civil Proc.* 60(b) of Judge Lyons' four-year old Order remanding the case to state court and for reconsideration of Plaintiff's Motion to again Remand the case. (Docket Entry 43).

Plaintiff filed its Motion for Remand on October 24, 2016. (Docket Entry 40). Defendants filed a Cross-Motion for Reconsideration of the 2012 Order of Judge Lyons granting Remand to the State Court. (Docket Entry 46). Plaintiff also filed a Motion for Sanctions pursuant to *Federal R. Bankr. Proc.* 9011, *Federal R. Civil Proc.* 11 and 28 *U.S.C.* § 1927 on November 21, 2016. (Docket Entry 47). Plaintiff filed opposition to the Cross-Motion of the Defendants on November 28, 2016. (Docket Entry 48 and 49). Defendants filed opposition to the Plaintiff's Motion for Sanctions on November 29, 2016 (Docket Entry 50) and opposition to the Motion for Remand on December 1, 2016. (Docket Entry 52).

Oral argument was heard on December 6, 2016; on December 14, 2016, the Court placed on the record its findings of fact and conclusions of law denying Plaintiffs' Motions for Remand and Sanctions and Granting Defendants' Motion for Reconsideration. Judge Kaplan concluded that this state court legal malpractice lawsuit was a "core proceeding" of the long closed Kara

Home bankruptcy. (Docket Entry 54). "Orders" were entered on December 16, 2016 and December 20, 2016. (Docket Entry 55 and 58).

Plaintiff is seeking review of the December 14, 2016 findings of fact and conclusions of law and simultaneously files the within Motion for Withdrawal of Reference.

## LEGAL ARGUMENT

As a general matter, district courts have jurisdiction over all matters arising under the Bankruptcy Code or arising in or relating to a bankruptcy case, but may refer such matters to the bankruptcy court. 28 U.S.C. § 1334. In the District of New Jersey, these cases are automatically referred pursuant to a Standing Order dated July 23, 1984.

Pursuant to 28 U.S.C. § 157(c)(2), the bankruptcy court must obtain the consent of all parties to the proceeding before hearing and determining a claim. A litigant's consent, whether express or implied, must be knowing and voluntary. A magistrate judge may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case only with the "consent of the parties." Roell v. Withrow, 538 U.S. 580 (2003).

Plaintiff here does not consent to the bankruptcy court hearing this case. Congress may not vest in a non-Article III court the power to adjudicate, render final judgment or issue binding orders [in a traditional tort action] arising under state law, without consent of the litigants and subject only to ordinary appellate review. Stern v. Marshall, 564 U.S. 462 (2011). In Wellness International Network Int'l v. Sharif, 135 U.S. 1932 (2015) the Supreme Court made clear that, absent consent of the parties, a bankruptcy judge could issue only findings of fact and conclusions of law for the district court to review.

Judge Kaplan considered this a *Stern* claim and accordingly, his decision would constitute "findings of fact and conclusions of law for review by the District Judge." (Docket Entry 54 at T22).

Plaintiff has simultaneously with this Motion filed objections to the findings and conclusions of the bankruptcy court. If the District Court affirms and decides that this case should remain in the Federal system, Plaintiff seeks a jury trial in the District Court.

## CONCLUSION

For the aforementioned reasons, Plaintiff's Motion for Withdrawal of Reference pursuant to 28 *U.S.C.* § 157 and *D.N.J. LBR* 5011-1 should be granted.

Respectfully submitted,

GLENN A. BERGENFIELD, ESQ.

Dated: December 28, 2016