**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ZUHDI KARAGJOZI, et al., | |
| Plaintiffs, | Civil Action No. 17-63 (MAS) |
| v. | **MEMORANDUM OPINION** |
| DAVID BRUCK, et al., | |
| Defendants. | |

**SHIPP, District Judge**

This matter comes before the Court on Plaintiff Zuhdi Karagjozi's ("Plaintiff") Motion for Leave to Appeal an order of the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court"), denying Plaintiff's motion to remand an adversary action. (ECF No. 4.) In its December 20, 2016 Order ("2016 Order"), the Bankruptcy Court granted Defendants David Bruck, Esq. ("Bruck") and Greenbaum, Rowe, Smith & Davis, LLP's ("Greenbaum") (collectively, "Defendants") motion for relief from the Bankruptcy Court's August 1, 2012 Remand Order ("2012 Remand Order"). (*Id.*) Defendants filed opposition (ECF No. 5), and Plaintiff replied (ECF No. 8).[1] The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, Plaintiff's Motion for Leave to Appeal is DENIED.

---

[1] Defendants filed a request for leave to file a sur-reply, which the Court denies. (ECF No. 10.)

I.  **Background**

The Court provides the underlying facts of the instant Motion in summary fashion and incorporates by reference the relevant procedural history of this matter.[2]

Plaintiff originally filed a legal malpractice action that is now the adversary action in New Jersey state court. (Pl.'s Moving Br. 8, ECF No. 4.) Defendants removed the action to federal court, and Plaintiff filed a motion to remand. (*Id.*) In February 2012, the Honorable Raymond T. Lyons, U.S.B.J, presided over the case. (*Id.* at 5.) Judge Lyons denied Plaintiff's motion, finding that the complaint implicated the actions that occurred during the bankruptcy case. (Pl.'s Mot. for Recons., Ex. A Bankr. Hr'g (Apr. 23, 2012) Tr. 27:12-16, ECF No. 16-3; Pl.'s Moving Br. 8.) Plaintiff, thereafter, filed an Amended Complaint in August 2012 and, thereafter, filed a second motion to remand the matter to state court.[3] (Pl.'s Moving Br. 8.) Judge Lyons granted the motion ("2012 Remand Order"), and remanded the matter to the state court.[4] (*Id.*) On September 16, 2016,

---

[2] The Court adopts the factual and procedural history and deems persuasive the holding from the bench decision rendered by the Honorable Michael B. Kaplan, U.S.B.J, and incorporates them herein. (*See* Pl.'s Moving Br., Ex. A (Dec. 14, 2016) Tr. 2:13-26:12, ECF No. 4.) Additionally, the Court includes some factual background taken from Plaintiff's Amended Complaint. (*Karagjozi v. Bruck*, No. 12-1185 (Bankr. D.N.J. Apr. 23, 2012), ECF No. 16.)

[3] Prior to filing the Amended Complaint, Plaintiff filed his first motion to remand. (Pl.'s Moving Br. 8.) The Honorable Raymond T. Lyons, U.S.B.J., denied Plaintiff's motion, finding "that the complaint as filed necessarily implicate[d] the actions that occurred during the bankruptcy case[, and] that the [f]ederal [c]ourts have jurisdiction over this complaint as filed. If the complaint [was] amended, the outcome might be different." (Pl.'s Mot. for Recons., Ex. A Bankr. Hr'g (Apr. 23, 2012) Tr. 27:12-16, ECF No. 16-3.) Judge Lyons found that "there is arising in jurisdiction because the complaint challenge[d] things that happened with the commencing [of] the filing of the [bankruptcy] petition" (*id.* at 29:22-24), but suggested that "if the focus of the complaint gets extremely narrow, then [he] may find that it does not arise in the Chapter 11 case" (*id.* at 30:10-12). Plaintiff amended his complaint and moved the Bankruptcy Court to reconsider the motion to remand. (Pl.'s Moving Br. 8.)

[4] Upon remand, the state court ordered the case to be bifurcated into two phases. (Pl.'s Moving Br. 9.) The first phase was to address "whether there was an attorney-client relationship between the Plaintiff and the Defendants," and the second phase was to address "all remaining issues of the case." (*Id.*)

2

following four years of discovery and in preparation for trial, Plaintiff served his trial brief. (*Id.* at 9.) The trial brief contained allegations and evidence related to the bankruptcy issue, which had been removed from the Amended Complaint. (Pl.'s Moving Br., Ex. A (Dec. 14, 2016) Tr. 17:22-25, 18:11-19.) Defendants, thereafter, filed a motion in limine to bar Plaintiff from asserting the bankruptcy-related claims, which was denied by the state court. (Pl.'s Moving Br. 9.) On October 17, 2016, Defendants filed an Amended Notice of Removal. (*Id.* at 10.) Plaintiff filed a motion to remand and Defendants cross-moved for reconsideration of the 2012 Remand Order. (*Id.* at 11.)

On December 14, 2016, the Honorable Michael B. Kaplan, U.S.B.J., heard oral argument on the matter and issued a decision on the record, noting that the Bankruptcy Court "[found] it implausible that Judge Lyons would have reverse[d] course had the allegations been left in the amended complaint that are reflected in the trial brief." (Pl.'s Moving Br., Ex. A (Dec. 14, 2016) Tr. 17:22-25.) Judge Kaplan, therefore, determined that "it is clear to this [c]ourt that the allegations included in the trial brief [have] the intimate connection to the bankruptcy proceeding[.]" (*Id.* at Tr. 18:14-16.) Following oral argument, Judge Kaplan denied Plaintiff's motion to remand and granted Defendants' motion for relief from the 2012 Remand Order, finding that the allegations made in the trial brief implicated the bankruptcy proceeding. (*Id.* at Tr. 24:2-11, Tr. 25:1-8.)

Plaintiff moves for leave to appeal, arguing that the Bankruptcy Court erred in denying Plaintiff's motion for remand. (Pl.'s Moving Br. 3-4.) Specifically, Plaintiff contends that the Bankruptcy Court erred in finding that: "(1) the Notice of Removal in 2016 was timely; (2) the Bankruptcy Court had authority to reconsider Judge Lyons['s] 2012 non-reviewable, non-appealable finding of no subject matter jurisdiction; and (3) the state law tort case . . . was a 'core' proceeding to the post-petition Kara Homes bankruptcy estate." (*Id.* at 11.)

3

## II. Interlocutory Appeal from a Bankruptcy Court Order

A federal district court maintains jurisdiction over appeals "from final judgments, orders, and decrees" of a bankruptcy court. 28 U.S.C. § 158(a)(1) ("Section 158"). Section 158, in relevant part, states that "[t]he district courts of the United States shall have jurisdiction to hear appeals . . . with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title[.]" 28 U.S.C. § 158(a). Section 158, however, "sets forth no standard for determining when the district court should grant leave to hear interlocutory appeals, [but] courts construing the provision have adopted the approach set forth in 28 U.S.C. § 1292(b)." *In re Kenneth Ingram, Inc.*, No. 05-5177, 2006 WL 902158, at *2 (D.N.J. Apr. 4, 2006).

Section 1292(b) provides:

> When a district judge, . . . a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing such an order.

28 U.S.C. § 1292(b). "Thus, to merit a Section 1292(b) certification, the movant must show that there is (1) a controlling question of law, (2) as to which there is substantial ground for difference of opinion, and (3) an immediate appeal may materially advance the ultimate termination of the litigation." *In re Dwek*, No. 10-4259, 2011 WL 487582, at *3 (D.N.J. Feb. 4, 2011) (citing *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974)). Further, "[t]he decision to grant certification is within the district court's discretion, even if all three criteria are present." *Id.* (citation omitted); *Katz*, 496 F.2d at 754. Thus, an "[i]nterlocutory appeal under [Section] 1292(b) is 'used sparingly.'" *Kapossy v. McGraw-Hill, Inc.*, 942 F. Supp. 996, 1001 (D.N.J. 1996) (citation omitted). In addition to demonstrating the three factors outlined in Section 1292(b), the movant

4

must also show "that exceptional circumstances justify a departure from the basic policy of postponing the review until after the entry of final judgment." *In re Dwek*, 2011 WL 487582, at *3 (quoting *Truong v. Kartzman*, No. 06-3286, 2007 WL 1816048, at *2 (D.N.J. June 22, 2007)).

Turning to the specified criteria, "[a] controlling question of law must encompass at the very least every order which, if erroneous, would be reversible error on final appeal." *Katz*, 496 F.2d at 755; *see also P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 355, 358 (D.N.J. 2001). "Controlling" means "serious to the conduct of the litigation, either practically or legally." *Katz*, 496 F.2d at 755; *Schnelling v. KPMG LLP*, No. 05-3756, 2006 WL 1540815, at *2 (D.N.J. May 31, 2006). "A motion to file an interlocutory appeal may be denied if the moving party merely questions the correctness of a court's ruling." *Truong*, 2007 WL 1816048, at *3 (citing *Kapossy*, 942 F. Supp. at 1001). The second criterion set forth under Section 1292(b) requires that a substantial ground for a difference of opinion "must arise out of genuine doubt as to the correct legal standard." *P. Schoenfeld Asset Mgmt. LLC*, 161 F. Supp. 2d at 360; *Katz*, 496 F.2d at 754. A movant's mere disagreement with the court's determination does not create a "substantial ground for difference of opinion." *Kapossy*, 942 F. Supp. at 1001. Rather, the moving party must show that the lower court applied a legal standard that "other courts have substantially differed in applying[.]" *Harter v. GAF Corp.*, 150 F.R.D. 502, 518 (D.N.J. 1993). In general, "[i]ssues of fact are not an appropriate basis for an interlocutory appeal." *Truong*, 2007 WL 1816048, at *3 (citation omitted). Finally, the movant "must demonstrate that a resolution of the matter would materially advance the ultimate termination of the litigation." *Id.* (citing *Kapossy*, 942 F. Supp. at 1001).

Here, Plaintiff fails to demonstrate a substantial ground for difference of opinion as to the correct legal standard, and concedes that "if this case is not returned to the [s]tate [c]ourt, [the]

5

Here, Plaintiff fails to demonstrate a substantial ground for difference of opinion as to the correct legal standard, and concedes that "if this case is not returned to the [s]tate [c]ourt, [the] trial would take place in the [d]istrict [c]ourt." (Pl.'s Reply Br. 7, ECF No. 8.) Thus, regardless of whether the Bankruptcy Court erred with respect to a controlling question of law, the trial would proceed in either state or federal court, and an immediate appeal would not advance the ultimate termination of litigation. In other words, an immediate appeal on a remand order dispute does not satisfy the third criterion because "[a] mere change in forum would not materially advance termination of litigation[.]" *In re Barsan Contractors, Inc.*, No. 10-3081, 2010 WL 3907116, at *7 (D.N.J. Sept. 30, 2010). Because Plaintiff fails to demonstrate that an immediate appeal may materially advance the ultimate termination of the litigation, the Court finds that Plaintiff is unable to satisfy all three criteria for the Court to certify the 2016 Order for appeal. As discussed above, issues of fact are not a basis for an interlocutory appeal, and a large portion of Plaintiff's assertions are grounded in factual issues. In light of the above, Plaintiff fails to satisfy his burden to demonstrate that (1) a substantial difference of opinion exists on these questions, and (2) an appeal would materially advance the ultimate termination of this litigation. Accordingly, Plaintiff's Motion for Leave to Appeal is denied.

### III. Conclusion

For the reasons set forth above, Plaintiff's Motion for Leave to Appeal is DENIED. An order consistent with this Memorandum Opinion will be entered by the Court.

/s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

Dated: August 16th, 2017