FOR PUBLICATION

<table>
<tr><td>

UNITED STATES BANKRUPTCY
COURT DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-2(c)**

</td><td></td></tr>
<tr><td>

IN RE: KARA HOMES, INC. et al.,

            Debtor.

</td><td>Adversary Case No. 12-01185</td></tr>
</table>

|  |  |
|---|---|
| ZUDHI KARAGJOZI,<br><br>      Plaintiff,<br><br>v.<br><br>DAVID BRUCK, ESQ., et al.,<br><br>      Defendants. | Adversary Case No. 12-01185<br><br>Case No. 06-19626<br><br>Chapter 11<br><br>Hearing Date:<br><br>Judge:   Michael B. Kaplan |

**Bruce J. Duke, Esq.**
Tabernacle Legal Group
P.O. Box 1418
648 Tabernacle Road
Medford, NJ 08055
*Counsel for Plaintiff*

**Shalom D. Stone, Esq.**
Stone Conroy LLC
25A Hanover Road
Ste 301
Florham Park, NJ 07932
*Co-Counsel for Defendants*

**Justin Perry Walder, Esq.**
Pashman Stein Walder Hayden, P.C.
21 Main Street
Court Plaza South, Ste 200
Hackensack, NJ 07601
*Co-Counsel for Defendants*

**MEMORANDUM OPINION**

This matter comes before the Court on a Motion to Dismiss (ECF No. 119) filed by

Defendants David Bruck, Esq. and Greenbaum, Rowe, Smith & Davis LLP ("Defendants")

seeking dismissal of the Amended Complaint under Federal Rule of Civil Procedure 12(c).

Plaintiff Zudhi Karagjozi ("Plaintiff") filed a Response (ECF No. 120) in which he challenges the

Court's jurisdiction, and an untimely Supplemental Response (ECF No. 125), in which he provides

a more substantive response to the motion.  At the hearing on July 1, 2019, the Court reserved on

its decision.  For the reasons set forth below, the Defendants' motion is DENIED.

## I.    Background

The factual background and procedural history of this matter are well known to the parties

and will not be repeated in detail here.  For purposes of this Opinion, the Court provides the

following summary:

In 2006, Plaintiff's company, Kara Homes, was having cash flow problems.  Plaintiff

sought the advice of legal counsel and consulted with Defendants; specifically, Defendant Bruck.

Ultimately, on the advice of Defendant Bruck, Kara Homes filed a voluntary bankruptcy under

chapter 11 on October 5, 2006.  The Court approved Defendants as counsel for the Debtor, Kara

Homes, and on September 26, 2007, the Court entered an Order confirming the Debtor's Plan of

Reorganization.

More than four years later, on January 13, 2012, Plaintiff filed a Complaint in the Superior

Court of New Jersey, Law Division, alleging—among other things—professional negligence

against Defendants.  Defendants believed that the Complaint implicated Defendants' handling of

the Kara Homes bankruptcy proceedings and removed the case to the bankruptcy court (ECF No.

1).  Plaintiff filed a motion to remand (ECF No. 10), which was denied because the bankruptcy

court determined that the Complaint contained allegations relating to the Kara Homes bankruptcy

(ECF No. 14).  Ultimately, Plaintiff filed an Amended Complaint which dropped all claims relating

2

to the Kara Homes bankruptcy and, on the basis of that amendment, the bankruptcy court remanded

the case to state court (ECF No. 24, 26).  The case then proceeded in state court over the next

several years.

On the eve of trial in state court, Plaintiff served a trial brief which Defendants believed

again implicated arguments and claims concerning the Kara Homes bankruptcy.  Accordingly,

Defendants once again removed the case to bankruptcy court (ECF No. 28).  Plaintiff filed a motion

to remand the matter to state court (ECF No. 40).  After substantial briefing, motion practice, and

oral argument, this Court denied the request to remand for reasons set forth on the record during a

December 14, 2016 hearing (ECF No. 54, 58).  Plaintiff then filed a motion for leave to appeal

(ECF No. 62), which was denied by the district court (ECF No. 71).  Likewise, Plaintiff's motion

to withdraw the reference (ECF No. 60) was also denied by the district court (ECF No. 77).

Defendants now seek dismissal of the Amended Complaint on the basis of res judicata,

exculpation, and judicial estoppel.

## II.     Standard of Review

Rule 12(c) of the Federal Rules of Civil Procedure is made applicable to bankruptcy

proceedings by Rule 7012 of the Federal Rules of Bankruptcy Procedure.  Where, as here, a motion

is filed after the pleadings are closed, the motion is appropriately titled a motion for judgment on

the pleadings under Rule 12(c). *See Kamden-Ouaffo v. Plaza Square Apartments*, 740 F. App'x

766, 767 n.1 (3d Cir. 2018) (citing *Spruill v. Gillis*, 372 F.3d 218, 223 n.2 (3d Cir. 2004)).

Nevertheless, the applicable legal standards for motions under 12(c) and 12(b)(6) are the same.

*Id.*; *see also e.g.*, *In re Qureshi*, No. 14-35109, 2015 WL 5254717, at *4 (Bankr. D.N.J. Sept. 8, 2015); *In re Tarragon Corp.*, No. 09-10555, 2012 WL 71597, at *3 (Bankr. D.N.J. Jan. 10, 2012).

In determining the sufficiency of a complaint under Rule 12(b)(6), courts may "consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon the documents." *Logan v. Bd. of Educ. of Sch. Dist. of Pittsburgh*, 742 F. App'x 628, 631–32 (3d Cir. 2018) (quoting *Hartig Drug Co. Inc. v. Senju Pharm. Co.*, 836 F.3d 261, 268 (3d Cir. 2016)).[1]  Public records include—among other things—judicial opinions, judicial proceedings, and hearing transcripts. *Id.* at 632 (citing *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007); *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1197 (3d Cir. 1993)).  "To survive a motion to dismiss, a complaint must contain sufficient factual allegations, taken as true, to 'state a claim to relief that is plausible on its face.'" *Fleisher v. Standard Ins.*, 679 F.3d 116, 120 (3d Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007)). In reviewing a motion under 12(c), as with reviewing a motion under 12(b)(6), a court must "view the facts alleged in the pleadings and the inferences to be drawn from those facts in the light most favorable to the plaintiff, and judgment should not [be] granted unless the moving party has established that there is no material issue of fact to resolve, and that it is entitled to judgment in its favor as a matter of law." *Leamer v. Fauver*, 288 F.3d 532, 535 (3d Cir. 2002) (citation omitted); *see also Grimes v. Avis Budget Grp.*, 762 F. App'x 130, 132 (3d Cir. 2019).

---

[1] To the extent matters outside the complaint are considered for purposes of a motion under 12(b)(6) or 12(c), "the motion must be treated as one for summary judgment under Rule 56" and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." FED. R. CIV. P. 12(d).

### III.    Discussion

In addressing this motion, this Court considers the pleadings in the adversary proceeding, the submissions and arguments of the parties submitted in connection with this motion, as well as the Confirmation Order entered in the underlying Kara Homes bankruptcy case.  In support of their motion, Defendants assert that Plaintiff's claims are precluded based on the doctrines of res judicata and judicial estoppel, and based on the exculpation provisions of the confirmed bankruptcy plan in the underlying bankruptcy.  More specifically, Defendants assert that because Plaintiff's claims relate to the Kara Homes bankruptcy proceedings, Plaintiff could have—and should have—raised these claims during the bankruptcy proceeding.  Further, Defendants point out that the Confirmation Order in the underlying bankruptcy expressly included a provision which exculpated Defendants from any liability in connection with the Kara Homes bankruptcy, including the filing of the petition.  Accordingly, Defendants assert that they are entitled to a judgment on the pleadings as a matter of law.

However, as set forth above, Plaintiff provided a Supplemental Certification in opposition to Defendants' Motion to Dismiss (ECF No. 125).  In that Certification, Plaintiff asserts that "nothing in the malpractice action should implicate the bankruptcy filing of the Kara Homes matter." *Plaintiff's Supplemental Cetification* ¶ 7, ECF No. 125.  Plaintiff clarifies that the malpractice action does not "question what happened in the bankruptcy" and that his claims relate only "to what happened prior to the bankruptcy filing." *Id*. at ¶ 11.  Plaintiff further certifies that he "will not raise at trial any issue relating to anything that occurred after October 5, 2006, the date of the bankruptcy filing" and that "any evidence or submissions at trial will be limited to acts prior

5

to October 5, 2006." *Id.* at ¶ 12.  Finally, Plaintiff stipulates that "if any issue relating to the

bankruptcy filing or anything that arose after October 5, 2006 is raised at trial or attempted to be

put into evidence, that such evidence or testimony would be stricken by a trial court." *Id.* at ¶ 13.

Accepting Plaintiff's own characterization of his claims as pleaded, the Court will deny the

pending motion to dismiss.  Indeed, the preclusion principles raised by the Defendants and the

impact of the exculpation provision in the Confirmation Order would undermine such causes of

action which implicate the Kara Homes bankruptcy.  To the extent any cause of action in Plaintiff's

complaint were premised on the decision to file the bankruptcy for Kara Homes, the filing of the

bankruptcy petition, or post-filing activities, the motion for a judgment on the pleadings would be

granted for all of the reasons articulated in Defendants' brief.  However, Plaintiff explicitly

certifies and acknowledges that his claims do not, and will not, relate to the bankruptcy

proceedings, the decision to file the bankruptcy, the filing of the petition, or any actions that

occurred after the October 5, 2006 filing date.  Accordingly, the claims do not fall within the

parameters of the exculpation clause, nor are they barred under the judicial doctrines asserted in

Defendants' motion.  Plaintiff may proceed to trial on claims bottomed solely on alleged actions,

representations, omissions, or other conduct occurring prior to October 5, 2006, and unrelated to

the decision to file bankruptcy for Kara Homes, the filing of the chapter 11 case or any actions,

conduct, or omissions by any party during the course of the chapter 11 proceeding.[2]

---

[2] Indeed, it remains unclear to this Court how Plaintiff can establish that his injuries were caused by Defendants'
alleged misconduct without introducing into evidence any facts relative to the bankruptcy filing on October 5, 2006
or events which transpired thereafter; however, Plaintiff has voluntarily accepted this burden and the Court will
permit the matter to proceed to trial as such.

6

**IV.    Conclusion**

For the foregoing reasons, the Defendants' motion for a judgment on the pleadings under

Rule 12(c) is DENIED.  Inasmuch as the Plaintiff was prepared to proceed to trial in the state court,

there is no reason that this matter should not be placed on the district court's trial calendar

immediately.  Plaintiff is directed to file within 30 days a motion with the district court seeking

withdrawal of the reference of this adversary proceeding.  Absent timely filing of such a motion,

this Court will proceed sua sponte to dismiss this case with prejudice.  The Court will enter a form

of Order consistent with this opinion.


Honorable Michael B. Kaplan
United States Bankruptcy Judge

Dated: July 26, 2019